FARMERS & MERCHANTS NATIONAL; BANK of Alcester, Respondent, v. MONK et al, Appellants.

(189 N. W. 513.)

(File No. 5086.    Opinion filed July 8, 1922.)

1.  **Negotiable Instruments—Indorsee in Due Course, Knowledge· of Infirmity, Actual Knowledge Requisite—Former Decision Followed.**

    Where the note in suit came into plaintiff's hands without knowledge of infirmity in the instrument or defect of title on part of indorser for which same was negotiated, but was paid for in usual course of business for full face value, the rule announced in Oschenreiter v. Block, 42 S. D. 153, is applicable, to the effect that to constitute notice of such infirmity or defent, the person to whom negotiated must have had actual knowledge of the infirmity, etc., or have had knowledge of such facts that his action in taking the instrument amounted to bad faith.

2.  **New Trial—Indorsement on Note, Whether Forgery—Granting New Trial—Irregularities, Newly Discovered Evidence, Insufficiency of Evidence, Error in Law Re Evidence, Non-abuse of Discretion Re in Granting New Trial.**

    It being a well established rule that granting or denying new trial is purely within sound discretion of trial court, such discretion will not be interfered with by appellate court unless it manifestly appears that that court was guilty of abuse of such discretion. So held, affirming action below, where the issue as to whether an indorsement on the back of the note in suit was forged, was submitted to jury under proper instructions, where irregularities, newly discovered evidence, insufficiency of evidence, error in law concerning evidence, are assigned as error.

Appeal from Circuit Court, Turner County, Hon. JOHN T. MEDIN, Judge.

Action by Farmers & Merchants National Bank of Alcester, a corporation, against H. E. Monk and another, as administrators of the Estate of Andrew J. Thompsen, and O. E. Kruse, to recover upon a promissory note. Judgment having been rendered

for defendants, from an order granting a new trial, defendants appeal. Affirmed.

Bogue & Bogue, for Appellant.

S. K. Grigsby, and Davis, Lyon & Bradford, for Respondent.

ANDERSON, J. Plaintiff bank seeks to recover from defendants $5,000 and interest upon a promissory note dated December 5, 1919. This note is one of four given by A. J. Thomsen for stock in the Dakota Higrade Sales Company of Sioux Falls, totaling $25,000, delivered to said Thomsen. As a part of the consideration the Sales Company appointed Thomsen as its agent in five counties of this state. Thereafter said Thomsen subscribed for 250 shares of preferred capital stock of said Sales Company at $100 per share, and agreed to pay therefor the sum of $25,000, and gave his notes for said sum. One O. A. Kruse was agent of the Sales Company, and the person who sold the stock to Thomsen. About the middle of February, 1920, the note in suit was brought to plaintiff bank by said Kruse and offered for sale, and the bank, after looking up Thomsen's financial standing, purchased the note. The note on its face was made payable to the order of the maker. On the back of the note appears the name "A. J. Thomsen," but there is controversy as to whether this signature was placed thereon by the maker; it being charged that this purported signature is a forgery, and that is and constitutes the real issue in the case, and which was submitted to the jury under proper instructions. Thereafter, on the 6th day of March, 1921, said Thomsen died, and the defendants Monk and Alendal, as administrators were substituted as parties defendant. The giving of the note is admitted.

[1] There is no evidence showing that plaintiff bank at the time of acquiring the note had any notice or knowledge of infirmity in the instrument or defect of title on the part of the Sales Company for which the same was negotiated. The evidence stands without dispute that the note was purchased by plaintiff bank in the usual course of business and that the same was not discounted, but that the accrued interest was added to the face and paid to Mr. Kruse for the benefit of the Sales Company. In the case of Oschenreiter v. Block, 42 S. D. 153, 173 N. W. 735, 6 A. L. R. 456, this court in its construction of the Negotiable

Instruments Law approved the following instruction given by the trial court:

"And further, to constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts, that his action in taking the instrument amounts to bad faith."

There is further no competent evidence showing fraud in the inception of the note. To be sure, that was made practically impossible by reason of the death of Thomsen, who, the evidence seems to indicate, was the only person present with Mr. Kruse at the time of the sale of the stock and the making of the note. This leaves only the question as to whether the indorsement on the back of the note was placed there by the decedent, Thomsen. This issue was submitted to the jury, and the verdict returned was adverse to plaintiff bank.

Thereafter the plaintiff moved for a new trial on the following grounds: (1) Irregularities in the proceedings of the adverse party by which it was prevented from having fair trial, particulars of which are set forth in affidavits served and filed. (2) Newly discovered evidence material to plaintiff, which it could not with reasonable diligence have discovered and produced at the trial, particulars of which are set forth in affidavits served and filed. (3) Insufficiency of evidence to justify the verdict and that the same is against the law. (4) Errors in law occurring at the trial and excepted to by the plaintiff and specified.

Thereafter the trial court made an order granting a new trial on the following grounds: (1) Insufficiency of evidence to sustain the verdict and that the verdict is against the law. (2) Newly discovered evidence material to plaintiff, which it could not with reasonable diligence have discovered and produced at the trial. (3) Error of the court in permitting counsel for defendants to cross-examine plaintiff's expert witness, John A. Gross, regarding list of signatures submitted to said witness as Defendant's Exhibit 10, as to which signatures were genuine and which were not genuine signatures of Andrew J. Thomsen, deceased; said exhibit not having been received in evidence, nor the signatures thereon admitted or proved to be the genuine signatures of said

deceased. (4) Error of the court in receiving and admitting in evidence Defendant's Exhibit 10.,

[2] It is a well-established rule that the granting or the denying of a new trial is peculiarly within the sound discretion of the trial court. This discretion will not be interfered with by the appellate court, unless it manifestly appears that the trial court has been guilty of an abuse of such discretion. After a careful consideration of the facts and circumstances in this case, including the affidavits in support of the application for a new trial, we do not feel that we can conscientiously say that the trial court, in the granting of a new trial, abused its discretion.

The order of the trial court, granting a new trial, is affirmed.